UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| US THRILLRIDES, LLC and POLERCOASTER, LLC, | § § § § § | |
| Plaintiffs, | § | |
| v. | § § | Case No. 6:22-cv-2338 |
| INTAMIN AMUSEMENT RIDES INT. CORP. EST., | § § § | |
| Defendant. | § § § | |

**IAR LIECHTENSTEIN'S NOTICE OF REMOVAL**

PLEASE TAKE NOTICE THAT specially appearing Defendant Intamin Amusement Rides Int. Corp. Est. ("IAR Liechtenstein") hereby removes this action to the United States District Court for the Middle District of Florida, Orlando Division, on the grounds of diversity jurisdiction under 28 U.S.C. § 1332(a).

**I.      Statement of the Case.**

On July 7, 2022, plaintiffs US Thrillrides, LLC ("US Thrillrides") and Polercoaster, LLC ("Polercoaster") (collectively, "Plaintiffs") commenced an action styled US Thrillrides, LLV and Polercoaster, LLC v. Intamin Amusement Rides Int. Corp. Est., Case No. 2022-CA-006178 (the "Action"), in the Circuit Court of the Ninth Judicial District in the County of Orange for the State of Florida.  Pursuant to Middle District of Florida Local Rule 1.06(b), attached to this notice is a "a legible

copy of each paper docketed in the state court" for the Action.

On October 4, 2022, Plaintiffs requested the state court authorize service of process through diplomatic channels via letters rogatory.  (Motion at 1.)  On November 18, 2022, Plaintiffs purported to serve the state court complaint and summons on IAR Liechtenstein by personal service.  (Affidavit of Service at 1.)[1]

**II.     Removal to this District Court is Proper Under 28 U.S.C. 1441(a).**

Removal to this Court is proper because the Action is being removed from a circuit court located in the County of Orange which lies within the judicial district of the United States Court for the Middle District of Florida, specifically its Orlando Division.  28 U.S. Code § 1441(a); 28 U.S. Code § 1446(a); see also MD Fla. L.R. 1.04.

**III.    This Court has Jurisdiction Under 18 U.S.C. § 1332(a).**

The Action may be removed to this Court under 28 U.S.C. 1441 because this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a).

There is complete diversity between the parties.  IAR Liechtenstein is the only defendant and it is, and at all relevant times was, a foreign corporation organized under the laws of Liechtenstein.  Its sole place of business is in Liechtenstein and it has no offices, officers or employees in the United States of America.  Plaintiff US Thrillrides is, and at all relevant times was, a limited liability company whose sole member is a citizen of Florida.  Plaintiff Polercoaster is, and at all relevant times

---

[1] IAR Liechtenstein reserves all rights to contest or quash service of process under Federal Rule of Civil Procedure 12(b).

was, a limited liability company whose sole member is a citizen of Florida.

The amount in controversy exceeds, exclusive of interest and costs, the sum or value of $75,000.00.  (See Compl. ¶ 1).

### IV.   The Removal is Timely.

28 U.S.C. § 1446(b) requires that a notice of removal in a civil action be filed "within 30 days after receipt the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based."  Plaintiffs purported to serve IAR Liechtenstein on November 18, 2022; this removal is therefore timely.  (See Affidavit of Service at 1.)  This notice of removal is submitted less than one year after the Action was initiated in state court.  See 28 U.S.C. § 1446(c)(1).

### Conclusion

IAR Liechtenstein reserves the right to supplement or amend this notice of removal.  Pursuant to 28 U.S.C. 1446(d), IAR Liechtenstein will file a copy of this notice of removal with the clerk of the Circuit Court for the County of Orange and will give written notice to all adverse parties.

By this notice of removal, IAR Liechtenstein does not waive any objections that it may have to service, jurisdiction, venue, or any other defenses or objection to the Action.  IAR Liechtenstein intends no admission of fact, law or liability by this notice, and reserve all defenses.

WHEREFORE, IAR Liechtenstein hereby removes the Action to this Honorable Court.

Respectfully submitted,

DATED:  December 15, 2022

Gerald E. Hawxhurst – Lead Counsel
(*pro hac vice* forthcoming)
Texas State Bar No. 24090636
jerry@hawxhurstllp.com
HAWXHURST LLP
1301 S. Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746
Tel: (512) 522-4995
Fax: (512) 522-4961


 /s/ Derek J. Angell
Derek J. Angell
Fla. State Bar No. 73449
dangell@roperpa.com
ROPER, P.A.
2707 E Jefferson St
Orlando, Florida 32803
Tel: (407) 897-5150
Fax: (407) 897-3332

*Attorneys for Defendant Intamin
Amusement Rides Int. Corp. Est.*

## PROOF OF SERVICE

I hereby certify that on this 15th day of December, 2022, I caused service of the foregoing **IAR Liechtenstein's Notice of Removal** to be effected by First Class U.S. Mail.  Copies of such documents were enclosed in a sealed envelope addressed as follows:

Attn: Benjamin A. Webster
MORGAN & MORGAN, P.A.
20 N. Orange Ave, Suite 1600
Orlando, Florida 32801

The envelope was deposited in the mail at Cedar Park, Texas, on December 15, 2022.  The envelope was mailed with postage thereon fully prepaid.

_____
Kyle Foltyn-Smith