UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

US THRILLRIDES, LLC and
POLERCOASTER, LLC,

        Plaintiffs,

v.                                         Case No: 6:22-cv-2338-CEM-DCI

INTAMIN AMUSEMENT RIDES INT.
CORP. EST.,

        Defendant.

## ORDER

This cause comes before the Court for consideration after a hearing on the following motion:

> **MOTION:**    **Renewed Motion to Compel Discovery Responses (Doc. 37)**
>
> **FILED:**       **August 3, 2023**
>
> ---
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED in part and DENIED without prejudice in part**.

In the Renewed Motion to Compel (Doc. 37, the Motion), Plaintiffs seek an order compelling Defendant's response to Plaintiffs' First Requests for Production (the RFPs) and First Set of Interrogatories (the Interrogatories).

As stated on record at the August 28, 2023 hearing, the Court finds that several of Defendant's objections are boilerplate and without merit. *See, e.g.*, Doc. 37 at 45. Each of those sentences is boilerplate and without merit as an objection to a discovery request. *See, e.g., Asphalt Paving Sys., Inc. v. General Combustion Corp.*, Case No. 6:15-cv-49-Orl-41TBS, 2016 WL 3167712, at *2 (M.D. Fla. June 7, 2016) ("The Court does not consider frivolous, conclusory,

general, or boilerplate objections."); *Siddiq v. Saudi Arabian Airlines Corp.*, Case No. 6:11-cv-69-Orl-19GJK, 2011 WL 6936485, at *3 (M.D. Fla. Dec. 7, 2011) ("Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit by this Court.") (citations omitted).  Specifically, each of Defendant's responses to the RFPs and the Interrogatories contain approximately three pages of prefatory "General Objections."  With one exception—discussed in the following paragraph—these objections are vague, by their very nature general and boilerplate, and, as such, without merit. *See Polycarpe v. Seterus, Inc.*, No. 6:16-cv-1606-Orl-37TBS, 2017 WL 2257571, at *2 (M.D. Fla. May 23, 2017) ("Disappointingly, attorneys who are supposed to know better continue to preface their discovery responses with boilerplate, general objections . . . which serve no purpose other than to waste the reader's time.").  Further, Defendant's response to each of the Interrogatories contains an objection that, "This interrogatory seeks information that is not relevant to the limited factual issues in dispute in this case and is overbroad and not proportional to the needs of the case." *See, e.g.*, Doc. 37 at 28.  Similarly, Defendant's response to each of the RFPs contains an objection that, "This request seeks information that is not relevant to the limited factual issues in dispute in this case and is overbroad, unduly burdensome and not proportional to the needs of the case."  That said, the objections to each of the Interrogatories and RFPs purports to assert several more specific objections after those boilerplate sentences.  The Court is not overruling those more specific objections on this record.  That said, Defendant must, at a minimum, state to Plaintiffs whether any responsive materials are being withheld pursuant to those objections. *See, e.g.*, Middle District Discovery at 14-15.

In Defendant's General Objections, in each of its responses to the individual Interrogatories and the RFPS, in response to the Motion, and at the hearing, Defendant "objects to each and every

[discovery request] on the grounds that Plaintiffs cannot proceed with discovery unless and until they identify with reasonable particularity the trade secrets they contend were misappropriated." *See, e.g.*, Doc. 37 at 27. In effect, by objection, Defendant has granted itself an indefinite stay of discovery. Notably, Defendant has not filed any motion raising this issue, and instead relies solely on its objections and its response to the Motion. While Defendant has provided the Court with some general legal authority on this issue, the Court has serious concerns over the propriety of Defendant unilaterally granting itself such an indefinite stay of its discovery obligations in this federal case. Certainly, Defendant has provided the Court with no binding authority for the proposition that the judicially created Florida state court rule that apparently prohibits discovery in a trade secret case pending a determination of whether Plaintiffs have sufficiently disclosed the trade secrets at issue in the case is applicable to a federal court sitting in diversity.[1] And if that

---

[1] Indeed, though not directly on point, the decision of a panel of the Eleventh Circuit is cited repeatedly by Defendant and widely by the courts whose decisions Defendant cites—that panel characterized the issue as follows:

> Florida courts adjudicating FUTSA cases have said that the "plaintiff is required to identify with reasonable particularity the trade secrets at issue before proceeding with discovery." *AAR Mfg., Inc. v. Matrix Composites, Inc.*, 98 So.3d 186, 188 (Fla. 5th Dist. Ct. App. 2012); *Revello Med. Mgmt., Inc. v. Med–Data Infotech USA, Inc.*, 50 So.3d 678, 679 (Fla. 2d Dist. Ct. App. 2010) ("[Med–Data] concedes that before proceeding with discovery in [a trade-secret misappropriation] suit, the plaintiff must identify with reasonable particularity the nature of the trade secret involved."). However, to satisfy this requirement at the dismissal stage in federal court, the plaintiff need only allege sufficient facts to plausibly show a trade secret was involved and to give the defendant notice of the material it claims constituted a trade secret. *See Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 555–56, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *accord AAR Mfg.*, 98 So. 3d at 188 (rejecting the idea that the court must make a threshold finding as to the existence of a trade secret to proceed to discovery).

*DynCorp Int'l v. AAR Airlift Grp., Inc.*, 664 F. App'x 844, 848 (11th Cir. 2016). In particular, the Court notes and reiterates that the Circuit panel characterized the state court decision in *AAR Mfg.* as "rejecting the idea that the court must make a threshold finding as to the existence of a trade secret to proceed to discovery." *Id.*

state court rule does apply here, the Court has before it insufficient briefing to make a determination concerning the sufficiency of the disclosures that Plaintiffs have made—because Plaintiffs have made disclosures of the trade secrets at issue, it's just that Defendant deems those disclosures insufficient, so it is refusing to participate in discovery. And even if the state court rule applies here and Plaintiffs' trade secret disclosures are insufficient, Defendant has provided no authority for the proposition that discovery may not commence where, as here, the Complaint contains eight counts, including breach of contract and other claims not brought pursuant to the Florida trade secrets theft statute.

Considering the abbreviated briefing necessitated by the Standing Order on Discovery and the issues raised both in that briefing and at the hearing, the Court will deny the Motion without prejudice in relation to Defendant's objections based on the sufficiency of Plaintiffs' identification of the trade secrets at issue in this case. If the parties cannot resolve this issue within 30 days, Defendant must file a motion for protective order or to stay discovery, briefing, at a minimum, the issues identified in the foregoing paragraph. The failure of Plaintiff to file such a motion within 30 days will result in a waiver of that objection. Such a motion and the response thereto will be governed by Local Rule 3.01, not the Standing Order on Discovery Motions, thus allowing full briefing on this issue.

Accordingly, for the reasons stated on the record at the hearing and as set forth herein, it is **ORDERED** that:

1. The Motion to Compel (Doc. 37) is **GRANTED in part** such that certain of Defendant's objections are overruled as set forth herein;

2. The Motion to Compel (Doc. 37) is **DENIED in part without prejudice** in all other respects; and

3. Defendant's Notice of Forthcoming Document Production (Doc. 53) is **STRICKEN**, as the rules of this Court do not provide for the filing of any such document.

**ORDERED** in Orlando, Florida on September 12, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE